# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-1373V
**Filed: October 19, 2017**
UNPUBLISHED

| | |
|---|---|
| NEELY H. COOKE,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*Temple Witt Cabell, Cabell Law Firm, P.C., Richmond, VA,* for petitioner.
*Kathryn Ann Robinette, U.S. Department of Justice, Washington, DC,* for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On October 20, 2016, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.,*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an October 24, 2013 influenza ("flu") vaccination. On March 30, 2017, the undersigned issued a decision awarding compensation to petitioner based on respondent's proffer. (ECF No. 22.)

On July 31, 2017, petitioner filed a motion for attorneys' fees and costs. (ECF No. 28.) Petitioner requests attorneys' fees in the amount of $18,600.00 and attorneys' costs in the amount of $1,190.94. (*Id.* at Petitioner's Exhibit D and E.) In accordance

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

with General Order #9, petitioner's counsel represents that petitioner incurred no out-of-pocket expenses. Thus, the total amount requested is $19,790.94.

On August 31, 2017, respondent filed a response to petitioner's motion. (ECF No. 30-1.)[3] Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3.

Petitioner has filed no reply.

The undersigned has reviewed the billing records submitted with petitioner's request. In the undersigned's experience, the request appears reasonable, and the undersigned finds no cause to reduce the requested rates. However, some costs and tasks are found to be unreasonable.

Mr. Cabell billed a total of 6.0 hours for travel at a rate of $400 per hour on October 20, 2016, to "Deliver Petitioner to USFC in Washington, DC and return travel to Richmond" resulting in a requested amount of $2,400.00. (ECF No. 28-4 at 1). Mr. Cabell also seeks $146.50 in costs associated with this travel. (ECF No. 28-5 at 1). The undersigned find this charge unreasonable, in part because traveling six hours to deliver a petition to the Court when multiple alternative, more efficient, avenues are available, including electronically filing the petition or opting for overnight delivery. This results in a reduction of $2,546.50.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $17,244.44[4] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Temple W. Cabell.**

---

[3] Respondent's response was filed on August 31, 2017, in conjunction with an Unopposed Motion for Leave to File Fee Response Out of Time. (ECF No. 30.)

[4] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

The clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.